IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FCT-MM, LLC and FCT-SM, LLC,

    Plaintiffs,

v.                                                         No. 2:21-cv-02593-MSN

IDACORP FINANCIAL SERVICES,
INC., FMI ASSET MANAGEMENT,
LLC, and FOREST CREEK MANAGING
MEMBER LLC,

    Defendants.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

    Before the Court is a motion to withdraw as counsel, filed March 2, 2022, by John Heflin, Jack Heflin, and the Bourland Heflin, PLC law firm, who represent Plaintiffs in this matter. (ECF No. 50) ("Motion.") Consistent with Local Rule 83.5, the Motion delineates Plaintiffs' name,[1] address, and contact information; Plaintiffs consent to this withdrawal and request an additional forty-five (45) days to retain new counsel and familiarize them with this litigation. (ECF No. 50-1.) Defendants responded the following day and, while unopposed to the Motion, sought clarification from the Court on: (1) the status of the pending Motion for Preliminary Injunction ("P.I. Motion"), (ECF No. 11); (2) the status of Defendant Forest Creek Managing Member as acting Managing Member of Forest Creek Townhomes, LLC ("Company"); (3) whether Section 8.1 of the Third Amended and Restated Operating Agreement ("Operating Agreement") entitles them to all Company books and records; and (4) an order requiring Plaintiffs to retain new counsel

---

[1] Plaintiffs FCT-MM, LLC and FCT-SM, LLC are in care of Mr. Barry Cohen ("Mr. Cohen"); his name and information is reflected in the pleadings.

within thirty (30) days.  (ECF No. 50 at PageID 973.)  For reasons below, the Motion is **GRANTED**.  The P.I. Motion is **DENIED AS MOOT WITHOUT PREJUDICE**.

## LEGAL STANDARD

Counsel may withdraw from representation for good cause and the Court has discretion to grant or deny any such withdrawal.  *See United States v. Mack*, 258 F.3d 548, 555–56 (6th Cir. 2001); *see generally Pettinato v. Prof'l Parent Care*, No. 16-cv-14419, 2018 WL 2117858, at *3 (E.D. Mich. 2018).  "[A] district court may forbid withdrawal if it would work severe prejudice on the client or third parties."  *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009); *but see Silva v. Perkins Mach. Co.*, 622 A.2d 443, 444 (R.I. 1993) (permitting withdrawal because the "case is clearly in the noncritical stage—the case has not yet proceeded beyond discovery").  Tennessee Rule of Professional Conduct 1.16(b)(6) permits counsel to withdraw from representation when continued representation would be "unreasonably difficult."  Tenn. Sup. Ct. Rule 1.16(b)(6); *see McKinney v. McMeans*, 147 F. Supp. 898, 900 (W.D. Tenn. 2001) ("Generally, federal law has adopted the ethical rules promulgated [by] the Supreme Court in which the federal court sits . . . .")  "[A] lawyer may also withdraw without the need to provide any justification and even if withdrawal would result in a material adverse effect on the client's interests if the client provides informed consent, confirmed in writing, to the lawyer's withdrawal."  Tenn. Sup. Ct. R. 1.16(b) cmt. [7].

## DISCUSSION

The Court held a status conference in this matter on March 8, 2022 at the time originally designated for a hearing on the P.I. Motion.  (*See* ECF No. 57.)  During the conference, the parties addressed the Motion and—relying on the briefing—updated the Court about the status of the P.I. Motion.  The parties also expressed concerns about the status of Company leadership (*e.g.*,

managing member) during the pendency of the instant litigation. The Court addresses these issues in turn, beginning with Plaintiffs' P.I. Motion.

### A. Motion for Preliminary Injunction

*First*, to decide whether a preliminary injunction should be issued, courts consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *Southwest Williamson County v. Slater*, 243 F.3d 270, 277 (6th Cir. 2001) (quoting *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1995)). "No single factor will be determinative as to the appropriateness of equitable relief . . . and the district court's weighing and balancing of the equities is overruled only in the rarest of cases." *Id.* (internal citations omitted).

Here, counsel for Plaintiffs included the following statement from Mr. Cohen in their Motion regarding both withdrawal and the pending P.I. Motion:

> In light of their withdrawal, I respectfully ask the Court to put off the hearing on the application for Preliminary Injunction (currently set for 11am on March 8, 2022) for approximately forty-five days, to allow me time to hire replacement counsel and to afford that replacement counsel adequate time to familiarize himself or herself regarding the facts of this case and the governing agreements. Replacement counsel will either renew the application for Preliminary Injunction or seek alternative relief, such as an application for receivership under a reorganization plan.[2]

(ECF No. 50 at PageID 964.) That Mr. Cohen explains his future counsel may seek to "renew the application for Preliminary Injunction" indicates that the application has expired, and the Court takes it as such. *Id.* Moreover, Plaintiffs' request for forty-five (45) additional days to retain new

---

[2] The Court *takes no position* on Mr. Cohen's inclination toward "an application for receivership under a reorganization plan."

3

counsel belies a showing of irreparable harm and contradicts the urgency previously echoed in his original motion. Therefore, and without any objection from the parties at the status conference, or thereafter in writing, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' P.I. Motion.

### B. Status of Interim Company Leadership

*Second*, Defendants request an Order from the Court to affirm, on an interim basis, that Defendant Forest Creek Managing Member, LLC serves as the acting Managing Member at the Company. (ECF No. 51 at PageID 972.) Plaintiffs does not oppose this narrow request because it facilitates efficacy and confidence in Company operations during the pendency of this litigation. Therefore, the Court recognizes Defendant Forest Creek Managing Member, LLC as the *interim* Managing Member at Forest Creek Townhomes, LLC, thereby attributing to it all legal rights, and responsibilities that befit a Managing Member under the governing Operating Agreement.[3]

### C. Books and Records

*Third*, Defendants request that Plaintiffs produce "all [Company] books and records" to them within five (5) days after the entry of this order. They cite Section 8.1 in the Operating Agreement as the authority requiring such production. Section 8.1 provides:

> **§ 8.1 Books of Account.** The Managing Member shall keep proper books of account for the Company. Such books of account shall be kept at the principal office of the Company and shall be open at all times for examination and copying by the Investor Member or its authorized representatives.

(ECF No. 9-4 at PageID 197) (emphasis in original.) Plaintiffs do not dispute that this provision entitles Defendants to access Company books and records and have committed to facilitate this process as best they can.[4] Therefore, the Court finds Defendants entitled to access Company books

---

[3] This Order preserves the status quo because Defendants currently manage the Company.

[4] Plaintiffs have not articulated an alternative interpretation of Section 8.1, nor have they expressed disagreement with its terms. The plain meaning of Section 8.1 will control. *See First Nat'l Bank of Louisville v. Kellogg*, 709 F.2d 1502 (6th Cir. 1983) ("The court in construing [a]

and records under Section 8.1. and that Plaintiffs have an obligation to maintain such books and records in a manner that ensures their availability to Defendants.[5]

### D. Counsel's Motion to Withdraw and Plaintiffs' Timeline to Retain New Counsel

*Fourth*, and as previously stated, Plaintiffs request forty-five (45) days to retain new counsel. (ECF No. 50 at 964.) Defendants respond that thirty (30) days would be more appropriate. (ECF No. 51 at PageID 973.) Given the intricacies of this litigation, and because Defendants have not specifically articulated to the Court how or why the requested additional fifteen (15) days would prejudice their interests, the Court finds that Plaintiffs' request for forty-five (45) days to retain and familiarize new counsel with this case to be reasonable. Accordingly, Plaintiffs must retain new counsel on or before April 24, 2022.[6] For good cause shown under Tenn. Sup. Ct. Rule 1.16(b)(6), the Court **GRANTS** the Motion to Withdraw. (ECF No. 50.)

### CONCLUSION

For the foregoing reasons, Plaintiffs' P.I. Motion is **DENIED WITHOUT PREJUDICE** and Motion to Withdraw is **GRANTED**. John Heflin, Jack Heflin, and Bourland Heflin, PLC are hereby withdrawn from this matter and terminated as counsel of record for all Plaintiffs.

**IT IS SO ORDERED** this 10th day of March, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

document must give its terms their plain meaning and ascertain intent from the instrument as a whole.") (internal quotations omitted.)

[5] Documents should be available to counsel for both parties in this litigation, as appropriate.

[6] Once retained, Plaintiffs' new counsel must file either a notice of appearance or appropriate motion for leave to appear pro hac vice on the docket. Counsel must file such documentation forthwith upon assuming representation.

5